# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2021

Lyle W. Cayce
Clerk

No. 20-40721
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CLARENCE JAMES LEE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:19-CR-1837-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Clarence James Lee was convicted following a jury trial of two counts of transporting aliens within the United States. Prior to sentencing, Lee argued that he should receive a four-level reduction in his offense level because he was a minimal participant in the criminal activity, serving merely

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40721

as a driver.  The district court denied Lee's request for a minimal role reduction but granted him a two-level reduction for his minor role in the offense.  He was sentenced within the applicable guidelines range to concurrent terms of 46 months of imprisonment and three years of supervised release.

On appeal, Lee argues that the district court clearly erred and that he was entitled to a minimal role reduction because he was plainly among the least culpable involved in the transportation of aliens.  In support, Lee contends that: he had no knowledge of the scope of the criminal activity, he did not know anything about the nature of the crime until he picked up the aliens, he had no decision-making authority, and he did not receive a significant benefit from the criminal activity.  The district court's denial of a reduction for a mitigating role is a factual determination that we review for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

U.S.S.G. § 3B1.2 provides for a four-level reduction in a defendant's offense level if the defendant was a "minimal" participant in a concerted criminal activity and a two-level reduction in the offense level if he was a "minor" participant.  A minimal participant adjustment is appropriate for a defendant who is "plainly among the least culpable of those involved in the conduct of a group," whereas a minor participant adjustment is appropriate for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal."  § 3B1.2, comment. (nn.4-5).

Based on the totality of the circumstances and the record as a whole, it is plausible that Lee was "less culpable than most other participants" in the alien transporting, but that his role "could not be described as minimal." § 3B1.2, comment. (n.5).  We therefore cannot say that the district court clearly erred when it found that his role was minor rather than minimal.  *See*

2

No. 20-40721

*Villanueva*, 408 F.3d at 203-04.  The judgment of the district court is AFFIRMED.